ELLIS, Judge.
Plaintiff, Zeb Hollins, brought this suit seeking damages for breach of contract and fraud from defendants, E. G. Ezell; Ranger Realty, Inc.; and G & E Homebuilders, Inc. The case was tried by a judge on September 23, 1980. At the close of plaintiff’s evidence, the trial judge granted defendants’ motion for directed verdict and dismissed plaintiff’s action. From the judgment signed in accordance with the directed verdict, plaintiff has timely appealed.
The facts of this case are very much in dispute. Plaintiff and defendant, E.G. Ezell, testified sharply to different versions of the same incidents.
According to Mr. Ezell, plaintiff approached him in the early part of 1976 concerning the possibility of renting a house located on Ford Street in Baton Rouge. Mr. Ezell informed plaintiff that he owned two houses on Ford Street and instructed him to inspect each of them to determine the one he would like to rent. A few days later plaintiff returned and told Ezell that he would like to purchase the house located at 6470 Ford Street. Upon learning that plaintiff did not have any money for a down payment on the purchase of the house, Mr. Ezell agreed to rent the house to plaintiff for $85 per month. It was also agreed that plaintiff would be allowed to begin making payments to Mr. Ezell toward a down payment on the house and that, when the payments totaled $1,000.00, a sale of the house would be passed. Mr. Ezell stipulated that $150.00 of the down payment would have to be made prior to plaintiff moving into the house on a rental basis.
In his testimony, Mr. Ezell admits having received the initial $150.00 as a partial down payment, in two installments, prior to the date that plaintiff moved into the house. Moreover, the receipts for the $150.00 specify that the installments were being made as a down payment.
Plaintiff, who is illiterate to the extent that hé can neither read nor write, testified that he approached Mr. Ezell for the purpose of buying a particular house on Ford Street. Mr. Ezell informed him that he did not have a sufficient income to purchase the particular home he wanted, but that he could purchase the house at 6470 Ford Street if he desired. After viewing the house, plaintiff returned a few days later and informed Mr. Ezell that he would like to purchase it. In accordance with this verbal agreement, plaintiff tendered to Mr. Ezell $150.00 as a down payment on the purchase price of $7,500.00 and agreed to pay $85.00 per month until the full amount was paid. In support of his testimony concerning the oral agreement, plaintiff introduced the previously mentioned receipts for the $150.00 down payment and receipts for the first two $85.00 monthly payments and a $75.00 payment. These last three receipts indicated that the money was being accepted as “house notes.”
In the summer of 1979, Mr. Ezell sold the house to a third party. When plaintiff received notice from the new owner that his rent would be increased to $175.00 per month, plaintiff moved out of the house and instituted this action for return of the money he had paid toward its purchase.
In his petition, plaintiff alleges that he is entitled to recover damages for defendants’ breach of the contract to sell the property and for the fraud allegedly perpetrated upon him by Mr. Ezell. Plaintiff contends that the receipts from Ezell constitute a written contract to sell the house and that defendants breached this contract by failing to pass title to him. Plaintiff asserts that Mr. Ezell’s fraud consisted of taking advantage of his illiteracy through intentional misrepresentations that led him to believe that he was purchasing rather than renting the house.
As noted earlier, the trial court granted defendants’ motion for directed verdict made at the close of plaintiff’s evidence. In so doing, the court found that plaintiff had proved neither his claim of fraud nor breach of contract by a preponderance of the evidence. Accordingly, the trial court dismissed plaintiff’s suit.
On appeal, plaintiff assigns the following five specifications of error:
*1185 1. The trial court, while ostensibly admitting parol evidence, did so without giving it sufficient weight.
2. The trial court, while ostensibly admitting proof of other acts of defendant offered by the plaintiff in order to show fraud, did so without sufficient regard, or failed to give sufficient weight to same.
3. The trial court erred in its failure to give sufficient weight to the evidence provided by the plaintiff due to inappropriate application of LSA CC Article 2275 to exclude parol evidence in this action when the demand was not an attack on the title to the immovable collaterally involved.
4. The trial court erred in disregarding the undisputed evidence offered at the trial that substantial funds were advanced and services rendered by plaintiff, including a down payment of ONE HUNDRED FIFTY ($150.00) DOLLARS.
5. The trial court erred in failing to give consideration to quantum meruit recovery in favor of the plaintiff.
We conclude that the trial court erred in granting defendants’ motion for directed verdict. We recently held that a trial judge is required to apply a preponderance of the evidence standard in ruling on a motion for directed verdict in a non-jury case. Bryan v. Varnado, 394 So.2d 1321 (La.App. 1st Cir. 1981). In the instant case, plaintiff alleged various causes of action which would entitle him to recover damages, if the allegations are proven. One of the grounds for recovery stated in plaintiff’s petition was for the return of the $150.00 given to Mr. Ezell as a down payment on the house. Mr. Ezell admitted he received this money and that it was intended as a partial down payment. Under these circumstances, plaintiff has proved a prima facie case for the return of the $150.00 down payment.
Since plaintiff established a prima facie case for the return of the down payment, the motion for directed verdict should have been denied, and the case should have proceeded to conclusion. Because we so find, a consideration of the other issues raised by plaintiff is unnecessary.
For the foregoing reasons, the judgment of the trial court granting defendants’ motion for directed verdict is reversed and the motion is denied. The case is remanded to the district court for completion of the trial and further proceedings not inconsistent herewith. Costs of appeal are assessed against defendants.
REVERSED AND REMANDED.